**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NATIONWIDE MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

NEXGEN EXTERIOR HOME REMODELING, LLC,

Defendant.

Case No. 2:26-cv-06687

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") files this Complaint against Defendant NexGen Exterior Home Remodeling, LLC ("NexGen") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition brought under 15 U.S.C. § 1051 *et seq.*, Pennsylvania state law, and Pennsylvania common law.

2. Nationwide seeks equitable and monetary relief from NexGen's willful, knowing, and bad-faith violations of Nationwide's trademark rights in its famous ON YOUR SIDE Marks (as further defined herein) and taglines, which Nationwide has extensively used and promoted across multiple product lines, services, campaigns, events, and materials. NexGen deliberately uses a tagline that misappropriates and imitates Nationwide's longstanding use of its iconic ON YOUR SIDE Marks and taglines. Additionally, by using Nationwide's famous ON YOUR SIDE Marks and taglines, NexGen is free riding on Nationwide's significant investment in developing the ON YOUR SIDE Marks and is causing Nationwide irreparable harm. NexGen's use of "ON YOUR SIDE" infringes Nationwide's

long-established trademark rights, dilutes the distinctiveness of those marks, and constitutes unfair competition.

## PARTIES

3. Plaintiff Nationwide is a mutual insurance company organized and existing under the laws of the State of Ohio with a principal place of business at One Nationwide Plaza, Columbus, Ohio 43215.

4. On information and belief, Defendant NexGen is a Pennsylvania limited liability company with a principal place of business at 300 Brookside Avenue, Bldg. 18, Ste. 75, Ambler, Pennsylvania 19002.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b), and 1367(a).

6. This Court has personal jurisdiction over NexGen pursuant to at least 42 Pa. Cons. Stat. § 5301(a) because, on information and belief, NexGen is a Pennsylvania limited liability company with its principal place of business in Pennsylvania.

7. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(b)(1) because, on information and belief, NexGen resides in this District.

## FACTUAL BACKGROUND

### Nationwide and its Well-Known 'On Your Side' Marks

8. Founded 100 years ago, Nationwide is now one of the largest diversified insurance and financial services organizations in the United States, providing a full range of financial and insurance services, including but not limited to auto, commercial, homeowners, farm, pet, motorcycle, boat, and life insurance, and public and private sector retirement plans, annuities, and mutual funds.

9. Since as early as 1965, Nationwide has been using, and continues to use to this day, throughout the United States, the distinctive ON YOUR SIDE trademark and family of trademarks to distinguish Nationwide's products and services.

10. Over 55 years ago, Nationwide adopted its seven-note jingle, which is often accompanied by the tagline NATIONWIDE IS ON YOUR SIDE, that consumers instantly recognize and associate with Nationwide.

11. In addition to its extensive common law rights and goodwill in the ON YOUR SIDE Marks, Nationwide is the owner of all right, title, and interest in and to numerous federal registrations for trademarks consisting of or incorporating "ON YOUR SIDE," including the following registrations, all of which are valid and subsisting (collectively, the "ON YOUR SIDE Registrations"):

| **Mark** | **Reg. No.** | **Reg. Date (First Use Date)** |
|---|---|---|
| NATIONWIDE IS ON YOUR SIDE | 1,793,850 | Sept. 21, 1993 (Jan. 21, 1974) |
| NATIONWIDE IS ON YOUR SIDE (SOUND MARK) | 2,827,490 | Mar. 30, 2004 (Jan. 00, 1970) |
| NATIONWIDE IS ON YOUR SIDE (SOUND MARK) | 4,641,345 | Nov. 18, 2014 (Jan. 31, 1970) |
| NATIONWIDE IS ON YOUR SIDE (SOUND MARK) | 5,394,152 | Feb. 6, 2018 (Dec. 31, 1976) |
| ON YOUR SIDE | 3,038,893 | Jan. 10, 2006 (Aug. 30, 1999) |

| | | |
|---|---|---|
| NATIONWIDE ESTA DE TU LADO | 3,302,256 | Oct. 2, 2007<br>(Feb. 3, 2006) |
| ESTA DE TU LADO | 3,669,396 | Aug. 18, 2009<br>(Feb. 3, 2006) |
| 1-877-ON YOUR SIDE | 3,129,439 | Aug. 15, 2006<br>(Sept. 30, 2001) |
| Nationwide is on your side | 6,166,753 | Oct. 6, 2020<br>(Sept. 4, 2014) |
| Nationwide is on your side | 6,166,756 | Oct. 6, 2020<br>(Sept. 4, 2014) |
| Nationwide is on your side | 6,113,647 | July 28, 2020<br>(Sept. 4, 2014) |
| Nationwide is on your side | 6,113,648 | July 28, 2020<br>(Sept. 4, 2014) |
| ON YOUR SIDE SPECIALTY REPAIR NETWORK | 4,511,692 | Apr. 8, 2014<br>(June 30, 2012) |

| | | |
|---|---|---|
| ON YOUR SIDE AUTO REPAIR NETWORK | 4,198,609 | Aug. 28, 2012<br>(Sept. 15, 2011) |
| ON YOUR SIDE PROPERTY REPAIR NETWORK | 4,241,404 | Nov. 13, 2012<br>(Aug. 5, 2011) |
| ON YOUR SIDE | 7,224,731 | Jan. 11, 2023<br>(Aug. 5, 2011; Aug. 30, 1999) |

True and correct copies of the registration certificates and Trademark Status and Document Retrieval (TSDR) status records showing the current title and status for the ON YOUR SIDE Registrations are attached as **Exhibit A**. Nationwide's registered trademarks, common law trademarks, trade name, corporate names and use in a manner analogous to trademark and service marks are hereinafter referred to both individually and collectively as the "ON YOUR SIDE Marks."

12. In addition to Nationwide's federal registrations, Nationwide is the owner of the Pennsylvania state trademark registration for NATIONWIDE IS ON YOUR SIDE. Pennsylvania Trademark Registration No. 2971449, a copy of which is attached hereto as **Exhibit B**.

13. Nationwide's registrations are *prima facie* evidence of Nationwide's exclusive right to use the ON YOUR SIDE Registrations in commerce in connection with the services specified in the registrations under the provisions of 15 U.S.C. § 1057(b) and are constructive notice of Nationwide's claim of ownership under 15 U.S.C. § 1072.

14. Pursuant to 15 U.S.C. § 1065, each of the above ON YOUR SIDE Registrations, except Registration No. 7,224,731, is incontestable, and thus constitute conclusive evidence of Nationwide's exclusive rights pursuant to 15 U.S.C. § 1115(b).

15. Because of Nationwide's substantially exclusive and continuous use of the ON YOUR SIDE Marks, the previously identified registrations, its promotion and advertising, and the high quality of Nationwide's products and services, Nationwide has acquired valid and enforceable trademark rights in the ON YOUR SIDE Marks, and the marks are associated with the extremely valuable goodwill of Nationwide.

16. As a result of Nationwide's extensive sales, revenues, and advertising expenditures associated with its ON YOUR SIDE Marks, and longstanding use and exposure of the same, the ON YOUR SIDE Marks have become famous and exclusively associated with Nationwide, and Nationwide has acquired a renowned reputation therein.

17. For example, Nationwide is proud to be an official insurance partner of the National Football League ("NFL") and the presenting sponsor of the Walter Payton NFL Man of the Year award, for which Nationwide uses its ON YOUR SIDE Marks extensively. In addition, Nationwide also partners with the Central Intercollegiate Athletic Association and is a sponsor of National Women's Soccer League (NWSL), the Columbus Crew (Major League Soccer), the Columbus Clippers (MiLB) and the Columbus Fury (Major League Volleyball). In 2018, the City of Philadelphia named Nationwide as its exclusive 457(b) and 401(a) retirement plans provider.

18. There is substantial fame associated with the ON YOUR SIDE Mark. For example, the ON YOUR SIDE Mark and associated jingle are key elements of an ongoing national advertising campaign for Nationwide's range of services. The advertisements use well-known musicians to perform musical numbers that incorporate the tagline and jingle.

19. In mid-to-late 2023, Nationwide's "On your side" jingle became a viral TikTok sensation after a video of five-year-old Zaya Campbell singing the jingle spread throughout the platform. Nationwide's jingle and Campbell's rendition spread beyond TikTok too, being incorporated into, for example, comedian Katt Williams' Netflix comedy special, "Woke Foke," in 2024.

20. On November 11, 2023, actor Timothée Chalamet, during a Saturday Night Live performance, sang the "Nationwide is on your side" jingle as part of a skit titled "Museum of Hip-Hop Panel." *See* https://www.youtube.com/watch?v=XmuGBNBBu3A at time stamp 3:50.

21. And earlier this year in April, singer Demi Lovato incorporated the Nationwide jingle into her set when performing in Columbus, Ohio during her "It's Not That Deep" tour.

22. The ON YOUR SIDE Mark and associated jingle have been featured answers to questions on the long-running syndicated game show *Jeopardy!* several times during its run, including in an episode that aired on September 26, 2023, which asked contestants, "This insurance company is on your side--& you're in its arena, if you go to Columbus Blue Jackets games" - the answer to which was "What is Nationwide." Nationwide's "On Your Side" jingle and Mark were also clues to *Jeopardy!* questions during *Jeopardy!* episodes airing on April 15, 2005, September 26, 2012, and March 7, 2023, on information and belief.

23. Additionally, the ON YOUR SIDE Mark serves as a portion of the domain name for the login page of Nationwide's online customer center (nationwideonyourside.com). Even consumers who have not purchased Nationwide's goods and services will associate the ON YOUR SIDE Marks in the domain name for Nationwide's online customer center with Nationwide.

24. In addition to its marketing and promotional advertising, Nationwide also uses the ON YOUR SIDE Marks in connection with its customer service. The 1-877-ON YOUR SIDE mark has been used for over 25 years, is prominently displayed on Nationwide's website, and reinforces the ON YOUR SIDE promise Nationwide makes to its members.

25. As evidenced by the examples in the preceding paragraphs, Nationwide has spent extensive resources advertising and promoting its ON YOUR SIDE Marks through a variety of channels. Over the past five years alone, Nationwide has invested hundreds of millions of dollars in advertising and other activities to promote its ON YOUR SIDE Marks and Nationwide's services offered under

those marks. Nationwide's trademarks have been seen by millions of consumers, accounting for hundreds of millions of impressions.

26. As a result of Nationwide's extensive advertising and promotion, the ON YOUR SIDE Marks are famous, enjoy substantial goodwill, and are intellectual property rights of considerable value.

27. Long before the Defendant began its infringing activities complained of herein, the ON YOUR SIDE Marks had been used for an extended period of time by Nationwide in interstate commerce to identify and distinguish Nationwide's high-quality services.

28. The ON YOUR SIDE Marks have never been assigned or licensed to the Defendant in this matter.

29. The ON YOUR SIDE Marks are symbols of Nationwide's quality, reputation and goodwill and have never been abandoned.

30. Nationwide has carefully monitored and policed the use of the ON YOUR SIDE Marks.

31. As a result of Nationwide's efforts, members of the consuming public readily identify products and services bearing or sold under the ON YOUR SIDE Marks as being sponsored and approved by Nationwide.

32. As a result of the foregoing, and long before the Defendant began using its infringing activities complained of herein, the ON YOUR SIDE Marks became famous as that term is used in 15 U.S.C. §1125(c).

**NexGen's Infringement**

33. On information and belief, NexGen offers exterior home remodeling services that include decks and porches, siding and roofing, and windows and doors. NexGen's website, nexgenremodeling.com, displays various third-party recognitions, such as "As Seen On HGTV," "Angi Super Service Award 2024," and "Expertise.com Best Deck Contractors in Philadelphia 2022."

34. NexGen has infringed and continues to infringe on Nationwide's ON YOUR SIDE Marks by using the phrase "On your side" on its website and in its marketing and sales materials.

35. The following are examples of infringing marks on NexGen's website (https://nexgenremodeling.com/), taken as screenshots, each using the phrase "on your side" in a manner likely to cause confusion, as of the date of this Complaint:









**Why NexGen**

Our promise to you: **On Time. On Budget. On Your Side.**

36. NexGen also uses the following image, containing infringing marks, on its social media sites, such as Instagram and Facebook:

NEXGEN
REMODELING
ON TIME • ON BUDGET • ON YOUR SIDE

37. NexGen's website formerly touted that it is "Your Contractor for Insurance Claims" as shown below in the screenshot taken on or about June 5, 2025. On information and belief, NexGen has since removed this portion of its website.




**<u>USPTO and TTAB Proceedings</u>**

38. On November 30, 2021, NexGen filed a trademark application for the following mark (the "Application"):

On Time · On Budget · On
Your Side

39. The Application was for a service mark directed to remodeling of homes' exteriors (U.S. Classes 100, 103, 106), claiming a first use on October 1, 2021.

40. On August 14, 2023, Nationwide filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") opposing NexGen's Application on the following grounds: (1) priority and likelihood of confusion; and (2) Dilution by blurring (hereinafter referred to as the "TTAB Proceeding").

41. NexGen filed its Answer to the Notice of Opposition on September 25, 2023.

42. On August 19, 2024, Nationwide filed a Motion to Compel Applicant's Initial Disclosures for NexGen's failure to serve its Initial Disclosures consistent with the schedule set forth in the TTAB's Institution Order in the TTAB Proceeding.

43. On October 2, 2024, the TTAB granted Nationwide's Motion to Compel and directed NexGen to serve its Initial Disclosures within thirty days. NexGen did not do so.

44. On November 18, 2024, Nationwide filed a Motion for Sanctions for NexGen's failure to comply with the TTAB's October 2 order. This Motion for Sanctions was granted on December 27, 2024, which resulted in judgment being entered against NexGen, Nationwide's opposition being sustained, and NexGen's Application being refused.

**The Parties' Discussions Post-TTAB Proceeding**

45. Notwithstanding the TTAB Proceeding and the refusal of NexGen's Application, NexGen's infringing activities have continued, and knowingly so.

46. On June 12, 2025, Nationwide issued a demand letter to NexGen requesting the immediate cessation of NexGen's use of "On Time · On Budget · On Your Side" and any standalone uses of "On Your Side." Communications between Nationwide and NexGen, via counsel, continued to no avail, as NexGen's infringement continued.

47. A second demand letter was sent to NexGen February 6, 2026. Further pre-suit settlement discussions occurred but failed to culminate in any final agreement.

**COUNT I**
**Infringement of Federally Registered Marks**
**Under Federal Law – Lanham Act, 15 U.S.C. § 1114**

48. All foregoing and following allegations are incorporated herein by reference as if fully set forth herein.

49. Nationwide is the owner of federal trademark registrations for the ON YOUR SIDE Registrations set forth in this Complaint and enjoys the exclusive rights to use or license the use of those marks nationwide. This is a right Nationwide has held for decades.

50. By virtue of its federal trademark registrations, Nationwide enjoys constructive notice against the infringement of all individuals or businesses that use the ON YOUR SIDE Marks, or confusingly similar iterations thereof.

51. NexGen, with the knowledge of Nationwide's longstanding, exclusive rights in and to the ON YOUR SIDE Marks and with the intent to trade on the goodwill and reputation of Nationwide in the marketplace, has adopted and used marks and slogans with the purpose of confusing the trade and the public as to the origins or affiliation of NexGen's services.

52. NexGen's unlawful activities are likely to and, upon information and belief, do cause confusion and mistake in the trade and with the purchasing public.

53. Nationwide has at least twice demanded that NexGen cease infringement of the ON YOUR SIDE Marks, but NexGen has failed to cease and desist. The infringement by NexGen has been deliberate, knowing, and willful.

54. NexGen's use of infringing marks in connection with its services constitutes infringement of Nationwide's federally registered trademarks, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

55. NexGen's use of the infringing marks is likely to cause consumer confusion to the detriment of Nationwide as it is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of NexGen's business in that consumers and others are likely to believe that NexGen's services are legitimately connected with or approved by Nationwide in violation of federal law.

56. Nationwide is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, NexGen will continue to use infringing marks in connection with the advertisement, promotion, offer for sale, and sale of its services, thus infringing Nationwide's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the services offered and sold by NexGen.

57. By reason of this unauthorized use of infringing marks, which are identical or confusingly similar to Nationwide's ON YOUR SIDE Marks, NexGen has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Nationwide has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

58. Nationwide has no adequate remedy at law and is therefore entitled to injunctive relief and any other relief authorized by law.

59. NexGen's actions are unlawful and have damaged Nationwide in an amount not yet calculated, and Plaintiff is entitled to recovery of those damages.

60. Defendant's unlawful actions have been deliberate, knowing and willful, making this case exceptional under 15 U.S.C. § 1117.

## COUNT II
## Unfair Competition
## Under Federal Law – Lanham Act, 15 U.S.C. § 1125

61. All foregoing and following allegations are incorporated herein by reference as if fully set forth herein.

62. NexGen, with knowledge of Nationwide's longstanding, exclusive rights in and to the ON YOUR SIDE Marks and the intent to trade on the goodwill and reputation of Nationwide in the marketplace, has adopted and used infringing marks in connection with its services with the purpose of confusing the trade and the public as to the origin of certain services.

63. NexGen's use of infringing marks constitutes unfair competition, including a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that NexGen's services originate with, are sponsored by, or are approved by Nationwide, or that NexGen and its services are affiliated with, connected to, or associated with Nationwide.

64. NexGen's use of infringing marks does cause or will cause customers and potential customers to mistakenly attribute Nationwide's reputation to NexGen.

65. Nationwide has no control over the quality of the services that are provided, promoted, advertised, and sold by NexGen, with the result that Nationwide's valuable reputation and goodwill with respect to its ON YOUR SIDE Marks will be irreparably injured by the acts of NexGen complained of herein.

66. Nationwide is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, NexGen will continue to use infringing marks in connection with the advertisement, promotion, offer for sale, and sale of similar services, thus infringing Nationwide's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the services offered, sold, and provided by NexGen. By reason of this unauthorized use of infringing marks, which are identical or confusingly similar to Nationwide's ON YOUR SIDE Marks, NexGen has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Nationwide has suffered, and continues to suffer, substantial damages, in an amount not yet calculated, and irreparable injury.

67. NexGen's unlawful conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68. As a result of NexGen's conduct, Nationwide has suffered and continues to suffer irreparable damage.

69. Nationwide has no adequate remedy at law and, therefore, is entitled to preliminary and permanent injunctive relief.

70. NexGen's actions are unlawful and have damaged Nationwide in an amount not yet calculated, and Nationwide is entitled to recovery of those damages.

71. NexGen's unlawful actions have been deliberate, knowing, and willful, making this case exceptional under 15 U.S.C. § 1117.

**COUNT III**
**Trademark Dilution – Lanham Act, 15 U.S.C. § 1125(c)**

72. All foregoing and following allegations are incorporated herein by reference as if fully set forth herein.

73. Nationwide owns valid and existing rights in the ON YOUR SIDE Marks.

74. Through continued use, promotion, and consumer and industry recognition, Nationwide has developed the ON YOUR SIDE Marks to the point that they are famous on a national basis. After the ON YOUR SIDE Marks became famous, NexGen began using (and is still using) infringing marks on its website and to promote its services. In doing so, NexGen is improperly creating a false association between its services and the ON YOUR SIDE Marks.

75. This association is likely to cause dilution of the strong goodwill that Nationwide has built in the ON YOUR SIDE Marks, in violation of 15 U.S.C. § 1125(c).

76. As a result of NexGen's wrongful conduct, Nationwide has been damaged and will continue to be damaged in an amount to be determined.

77. NexGen's unauthorized use or confusing imitation of the ON YOUR SIDE Marks is knowing and willful and with the intent to trade on the goodwill and fame that Nationwide has established in the ON YOUR SIDE Marks.

78. Unless enjoined, NexGen's behavior will continue and will cause Nationwide to suffer irreparable harm for which there is no adequate remedy at law. Nationwide is therefore entitled to injunctive relief.

**COUNT IV**
**Trademark Infringement**
**Under Pennsylvania Law – 54 Pa.C.S.A. § 1123**

79. All foregoing and following allegations are incorporated herein by reference as if fully set forth herein.

80. Nationwide is the owner of a Pennsylvania trademark registration for NATIONWIDE IS ON YOUR SIDE and enjoys the exclusive rights to use or license the use of that mark in the Commonwealth of Pennsylvania. The application maturing as the Pennsylvania trademark registration was filed November 6, 2000.

81. By virtue of its state trademark registration, Nationwide enjoys constructive notice against the infringement of all individuals or businesses that use the ON YOUR SIDE Marks, or confusingly similar iterations thereof.

82. NexGen, with the knowledge of Nationwide's longstanding, exclusive rights in and to the ON YOUR SIDE Marks, including the mark protected by the Pennsylvania registration, and the intent to trade on the goodwill and reputation of Nationwide in the marketplace, has adopted and used marks and slogans with the purpose of confusing the trade and the public as to the origins or affiliation of NexGen's services.

83. NexGen's unlawful activities are likely to and, upon information and belief, did cause confusion and mistake in the trade and with the purchasing public.

84. Nationwide has at least twice demanded that NexGen cease infringement of the ON YOUR SIDE Marks, but NexGen has failed to cease and desist. The infringement by NexGen has been deliberate, knowing, and willful.

85. NexGen's use of infringing marks in connection with its services constitutes infringement of Nationwide's state registered trademark, in violation of 54 Pa.C.S.A. § 1123.

86. NexGen's use of infringing marks is likely to cause consumer confusion to the detriment of Nationwide as it is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of NexGen's business in that consumers and others are likely to believe that NexGen's services are legitimately connected with or approved by Nationwide in violation of Pennsylvania law.

87. Nationwide is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, NexGen will continue to use infringing marks in connection with the advertisement, promotion, offer for sale, and sale of similar services, thus infringing Nationwide's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the services offered, sold, and provided by NexGen.

88. By reason of this unauthorized use of infringing marks, which are identical or confusingly similar to Nationwide's ON YOUR SIDE Marks, NexGen has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Nationwide has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

89. Nationwide has no adequate remedy at law and is therefore entitled to injunctive relief and any other relief authorized by law.

90. NexGen's actions were committed in deliberate, knowing, willful and wanton disregard of Nationwide's rights in the ON YOUR SIDE Marks, thereby entitling Nationwide to an award of damages pursuant to 54 Pa.C.S.A. § 1125.

**COUNT V**
**Injury to Business or Reputation and Dilution of Trademarks Under Pennsylvania Law – 54 Pa.C.S.A. § 1124**

91. All foregoing and following allegations are incorporated herein by reference as if fully set forth herein.

92. Nationwide owns valid and existing rights in the ON YOUR SIDE Marks.

93. Through continued use, product promotion, and consumer and industry recognition, Nationwide has developed the ON YOUR SIDE Marks to the point that they are famous in Pennsylvania. After the ON YOUR SIDE Marks became famous, NexGen began using (and is still using) infringing marks on its website and to promote its services. In doing so, NexGen is improperly creating a false association between its services and the ON YOUR SIDE Marks.

94. This association is likely to cause dilution of the strong goodwill that Nationwide has built in the ON YOUR SIDE Marks, in violation of 54 Pa.C.S.A. § 1124.

95. As a result of NexGen's conduct, Nationwide has suffered and continues to suffer irreparable damage, in an amount not yet calculated.

96. Nationwide has no adequate remedy at law and, therefore, is entitled to preliminary and permanent injunctive relief.

97. NexGen's actions were committed in deliberate, knowing, willful and wanton disregard of Nationwide's rights in the ON YOUR SIDE Marks, thereby entitling Nationwide to an award of damages pursuant to 54 Pa.C.S.A. § 1125.

**COUNT VI**
**Trademark Infringement Under Pennsylvania Common Law**

98. All foregoing and following allegations are incorporated herein by reference as if fully set forth herein.

99. Nationwide is the owner of federal trademark Registrations and a Pennsylvania state

registration for the ON YOUR SIDE Registrations set forth in this Complaint, and therefore Nationwide owns all common law rights to the ON YOUR SIDE Marks throughout the United States, including in Pennsylvania.

100. NexGen, with knowledge of Nationwide's exclusive rights in and to the ON YOUR SIDE Marks and the intent to trade on the goodwill and reputation of Nationwide in the marketplace, has adopted and used infringing marks with the purpose of confusing the trade and the public as to the origin of certain services.

101. NexGen's unlawful activities are likely to and, upon information and belief, have already had the result of causing confusion and mistake in the trade and with the purchasing public.

102. Nationwide has at least twice demanded that NexGen cease infringement of the ON YOUR SIDE Marks, but NexGen has failed to cease and desist. The infringement by NexGen has been deliberate, knowing, and willful.

103. NexGen's use of infringing marks is likely to cause consumer confusion to the detriment of Nationwide as it is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of NexGen's business in that consumers and others are likely to believe that NexGen's services are legitimately connected with or approved by Nationwide in violation of Pennsylvania law.

104. Nationwide is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, NexGen will continue to use infringing marks in connection with the advertisement, promotion, offer for sale, and sale of similar services, thus infringing Nationwide's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the services offered, sold, or provided by NexGen.

105. As a result of NexGen's unlawful conduct, Nationwide has suffered and continues to suffer irreparable damage, in an amount not yet calculated.

106. Nationwide has no adequate remedy at law and, therefore, is entitled to preliminary and permanent injunctive relief.

107. NexGen's actions were committed in deliberate, knowing, willful and wanton disregard of Nationwide's rights in the ON YOUR SIDE Marks, thereby entitling Nationwide to an award of damages.

**COUNT VII**
**Unfair Competition**
**Under Pennsylvania Common Law**

108. All foregoing and following allegations are incorporated herein by reference as if fully set forth herein.

109. NexGen, with knowledge of Nationwide's exclusive rights in and to the ON YOUR SIDE Marks and the intent to trade on the goodwill and reputation of Nationwide in the marketplace, has adopted and used infringing marks with the purpose of confusing the trade and the public as to the origin of certain services.

110. NexGen's use of infringing marks constitutes unfair competition, including a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that NexGen's services originate with, are sponsored by, or are approved by Nationwide, or that NexGen and its services are affiliated with, connected to, or associated with Nationwide.

111. NexGen's use of infringing marks has caused and will cause customers and potential customers to mistakenly attribute the reputation of Nationwide to NexGen.

112. Nationwide has no control over the quality of the services that are provided, promoted, advertised, and sold by NexGen, with the result that Nationwide's valuable reputation and goodwill with respect to its ON YOUR SIDE Marks will be irreparably injured by the acts of NexGen complained of herein.

113. Nationwide is informed and believes, and based thereon alleges that, unless restrained

and enjoined by this Court, NexGen will continue to use infringing marks in connection with the advertisement, promotion, offer for sale, and sale of similar services, thus infringing Nationwide's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the services offered, sold, and provided by NexGen.

114. By reason of this unauthorized use of infringing marks, which are identical or confusingly similar to Nationwide's ON YOUR SIDE Marks, NexGen has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Nationwide has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

115. NexGen's unlawful conduct constitutes a violation of Pennsylvania common law.

116. As a result of NexGen's conduct, Nationwide has suffered and continues to suffer irreparable damage, in an amount not yet calculated.

117. Nationwide has no adequate remedy at law and, therefore, is entitled to preliminary and permanent injunctive relief.

118. NexGen's actions were committed in deliberate, knowing, willful and wanton disregard of Nationwide's rights in the ON YOUR SIDE Marks, thereby entitling Nationwide to an award of damages.

## RELIEF REQUESTED

WHEREFORE, Nationwide prays that:

1. NexGen, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

a. directly or indirectly infringing Nationwide's ON YOUR SIDE Marks;

b. from passing off, inducing or enabling others to sell or pass off, any of NexGen's goods or services as originating from Nationwide, or sponsored, approved, or authorized by Nationwide;

c. directly or indirectly engaging in any acts or activities calculated to trade upon Nationwide's ON YOUR SIDE Marks, and/or the reputation or goodwill of Nationwide, or in any manner to compete with Nationwide unfairly;

d. using Nationwide's ON YOUR SIDE Marks or any infringing marks, or using any mark confusingly similar to the ON YOUR SIDE Marks, alone or in combination with other words as a trademark, service mark, domain name, or trade name to identify, market, distribute, advertise, promote, offer for sale, or provide any goods or services;

e. from otherwise infringing the ON YOUR SIDE Marks; and,

f. from otherwise competing unfairly with Nationwide in any manner whatsoever.

2. That NexGen be required to remove the ON YOUR SIDE Marks and any mark confusingly similar to the foregoing from NexGen's products, website(s), all social media hubs, social media handles, HTML code, search engine query terms, e-mail addresses, and any other electronic communications hosts, links, and devices;

3. That an accounting be ordered to determine the profits realized by NexGen due to the unauthorized use of Nationwide's ON YOUR SIDE Marks and any infringing marks, to include an audit or review of financial reports, balance sheets, tax returns, or other documents sufficient to show NexGen's profits;

4. That NexGen be directed to file with this Court and to serve on Nationwide, within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which NexGen has complied with this injunction;

5. That NexGen be required to modify its packaging, labeling, promotional materials, apparel, advertisements, signage, and other communications to the public in the possession or under its control to remove any infringing marks;

6. That NexGen take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to signage, advertising and promotion bearing the ON YOUR SIDE Marks, any infringing marks, or any colorable imitation of Nationwide's ON YOUR SIDE Marks and that NexGen be required to remove such ON YOUR SIDE Marks and infringing marks from its signage, promotional materials, advertisements and other writings;

7. That Nationwide be awarded its actual damages and/or a disgorgement of NexGen's profits, arising from NexGen's infringements in an amount to be determined at trial, to be increased to the maximum permitted by law, for its acts of willful infringement;

8. That judgment be entered in favor of Nationwide and against NexGen as to each of the above Counts;

9. That the Court award Nationwide the costs, including attorneys' fees, and an assessment of interest;

10. That the Court award Nationwide's damages on the common law causes of action;

11. That the award of Nationwide's damages and/or NexGen's profits be trebled as a result of NexGen's willful and deliberate infringement of Nationwide's rights;

12. That the Court finds this case to be exceptional;

13. That Nationwide be awarded enhanced damages for NexGen's willful and deliberate, unlawful injurious acts complained of herein;

14. That Nationwide be awarded both pre- and post-judgment interest on damages; and

15. That Nationwide be awarded such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

September 4, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Michael Barber*
Michael Barber (PA ID 331321)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Email: michael.barber@wbd-us.com

- and –

Jacob S. Wharton (*pro hac vice pending*)
North Carolina Bar No.: 37421
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6609
Email: Jacob.wharton@wbd-us.com

- and –

Kate L. Johnson (*pro hac vice pending*)
Georgia Bar No.: 110551
1331 Spring Street NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 879-2420
Email: Kate.Johnson@wbd-us.com

*Attorneys for Plaintiff Nationwide Mutual Insurance Company*